IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK M., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:21-cv-00672-DBB-CMR <br><br> REPORT AND RECOMMENDATION <br><br> District Judge David Barlow <br><br> Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 15). Plaintiff, Mark M., seeks judicial review of the determination of the Acting Commissioner of the Social Security Administration (the Commissioner or Defendant) denying his application for disability insurance benefits under Title II of the Social Security Act (the Act). After careful consideration of the written briefs, oral argument, the administrative record, and relevant legal authorities, the undersigned RECOMMENDS that the Commissioner's decision be AFFIRMED.

I.   LEGAL STANDARDS

A.   **Disability Determination**

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The analysis evaluates whether:

1. The claimant presently engages in substantial gainful activity;
2. The claimant has a medically determinable severe physical or mental impairment or impairments;
3. The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulations which preclude substantial gainful activity. If the claimant has an impairment which meets or is in equivalent in severity to a listed impairment the analysis stops and the claimant is awarded benefits. If not, the ALJ must decide if:

4. The impairment prevents the claimant from performing his past relevant work. If the impairment does not prevent the claimant from performing his past relevant work, the analysis stops and the claimant is denied benefits. If the impairment(s) prevent the claimant from performing his past relevant work the ALJ must decide whether;
5. The claimant possess a residual functional capacity to perform other work in the national economy considering his age, education, and work experience.

*See id.* A claimant's RFC reflects the most the claimant is able to perform physically and mentally in a work setting on a sustained basis despite the limitations from his impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in significant numbers in the national economy. *Id.*

### B. Standard of Review

As the Supreme Court has reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the Court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*,

489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanksi v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. BACKGROUND

Plaintiff was 40 years old on his disability onset date of September 28, 2019 (Certified Administrative Transcript (Tr.), ECF 12–15 at 74). Plaintiff filed his application for disability insurance benefits (DIB) on October 1, 2019, alleging disability due to heart failure pulmonary hypertension, bilateral knee degenerative joint disease, lumbar spine disease, obesity, obstructive sleep apnea, and small fiber idiopathic neuropathy in hands and feet (Tr. 73–74). In a decision dated March 2, 2021, the ALJ determined that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, polyneuropathy, tachycardia, and chronic heart failure with preserved ejection fraction (Tr. 14). The ALJ found that Plaintiff's sleep apnea, fatigue and blurry vision from Sjogren's syndrome, and obesity were non-severe impairments (Tr. 15). The ALJ considered Plaintiff's lumbar spine disease under Listing 1.04, and his heart condition under Listing 4.02, finding the criteria not met (Tr. 15).

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform sedentary work with additional limitations (Tr. 16). At step four, the ALJ found that, given this RFC, he was not able to perform past relevant work as a mechanical maintenance supervisor, oilfield supplies and equipment sales representative, stock control clerk, and well puller (Tr. 18). Consistent with vocational expert testimony, the ALJ found at step 5 that Plaintiff could perform jobs existing in significant numbers in the national economy, including final assembler, table worker, and touch-up screener, all unskilled, sedentary work (Tr. 19). The ALJ therefore concluded that he was not disabled and denied disability benefits (Tr. 20). The Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's

3

final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

### III. DISCUSSION

Plaintiff challenges only one limited aspect of the ALJ's decision. Plaintiff argues that the ALJ erred when he determined that Plaintiff's chronic heart failure did not medically equal listing 4.02 at step three of the agency's sequential evaluation process (Plaintiff's Opening Brief (Pl. Br.), ECF 18 at 4–11). The undersigned recommends that the court reject this argument and affirm the Commissioner's final decision.

At step three of the five-step sequential evaluation process, the agency will find that a claimant is "disabled" if his medically determinable impairment(s) meet or medically equal a listed impairment from 20 C.F.R. Part 404, Subpart B, Appendix 1 (the "listings"). *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 404.1525. To meet a listing, a disability claimant must submit medical evidence that meets all the criteria of that listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severe, does not qualify." *Id*. To medically equal a listing, a disability claimant must submit medical evidence showing that his medically determinable impairment(s) "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

Listing 4.02 mandates a finding of "disabled" at step three if a claimant with chronic heart failure submits medical evidence showing that, while on prescribed treatment, he meets the requirements of both subsection A (the "A criteria") and subsection B (the "B criteria") of that listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 4.02; *see also id*. § 4.00D4b ("To meet the required level of severity for this listing, your impairment must satisfy the requirements of one of the criteria in A and one of the criteria in B."). Plaintiff does not point to any evidence that his chronic heart

4

failure met the A criteria. In fact, Plaintiff admits that "he does not meet the Part A criteria of" listing 4.02 (Pl. Br. at 7). Plaintiff again conceded at oral argument that his chronic heart failure did not meet the A criteria of listing 4.02.

While Plaintiff concedes that his chronic heart failure could not meet listing 4.02 because the evidence did not meet the A criteria of that listing, he nevertheless argues that he medically equaled listing 4.02 because the evidence shows that he met one of the B criteria of listing 4.02: an inability to perform an exercise tolerance test at a workload equivalent of 5 metabolic equivalents ("METs") or less due to fatigue (Pl. Br. at 4–5 (citing Tr. 1128–29)). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 4.02B3b. The undersigned is unpersuaded by this argument. To medically equal a listing, an impairment must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). Plaintiff points to a finding that appears equal in severity and duration to a B criterion of listing 4.02, but he does not point to any evidence that is equal in severity and duration to either of the two A criteria of listing 4.02. As the governing regulation explains, the agency will find that a claimant's impairment(s) medically equal a listing if he (1) has an impairment that is described in the listings, (2) does not exhibit one or more of the findings specified in the listing, and (3) has other findings related to that impairment "that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b)(1). Without evidence that Plaintiff's chronic heart failure resulted in other findings that were "at least of equal medical significance to the" A criteria of listing 4.02, Plaintiff could not medically equal that listing.

Furthermore, for an ALJ to find that a claimant's impairment medically equals a listing, "the record must contain" one of the following:

5

1. A prior administrative medical finding from [a medical consultant or psychological consultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or

2. [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or

3. A report from the [Appeals Council's] medical support staff supporting the medical equivalence finding.

Social Security Ruling (SSR) 17-2p, 2017 WL 3928306, at *3. In this case, none of the evidence required to find medical equivalence was present in the record. The State agency medical consultants considered whether Plaintiff's chronic heart failure met or medically equaled listing 4.02 and concluded that it did not (Tr. 64, 67, 80, 83). No medical expert opined that Plaintiff medically equaled a listing.[1] The Appeals Council's medical support staff did not provide a report supporting medical equivalence. "It is Plaintiff's burden to point to specific medical evidence definitively establishing that [his] impairments met or medically equaled a listing." *Brandee C. v. Kijakazi*, No. 1:20-CV-00129-CMR, 2022 WL 875942, at *2 (D. Utah Mar. 23, 2022) (citing *Lax*, 489 F.3d at 1085). Given that Plaintiff has failed to identify medical records confirming he suffered from all of the listing's criteria, the court rejects his step-three arguments. *See id.* (citing *Aslan v. Colvin*, 637 F. App'x 509, 509 (10th Cir. 2016)).

The undersigned is also unpersuaded by Plaintiff's argument that the ALJ did not sufficiently articulate why his chronic heart failure did not medically equal listing 4.02. SSR 17-2p explains that:

> If an adjudicator at the hearings . . . level believes that the evidence already received in the record does not reasonably support a finding that the individual's

---

[1] At oral argument, Plaintiff for the first time argued that the ALJ had a duty to further develop the record by seeking evidence from a medical expert. Because Plaintiff did not raise this issue in his brief, it is waived. *See Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1182 n.51 (10th Cir. 2005) (because litigant did not raise an issue in her opening brief, it is waived). Moreover, SSR 17-2p expressly states that an ALJ is not required to obtain medical expert evidence prior to finding that a claimant's impairment(s) do not medically equal a listing. 2017 WL 3928306, at *4.

> impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding.

2017 WL 3928306, at *4. While the Tenth Circuit has yet to squarely address this issue, the Seventh Circuit has held that, under SSR 17-2p, "an ALJ need not articulate specific evidence supporting a finding that an impairment does not medically equal a listed impairment; a simple statement of non-equivalence will suffice." *Deloney v. Saul*, 840 F. App'x 1, 4 (7th Cir. 2020); *see also Deleon v. Comm'r of Soc. Sec.*, No. 2:20-CV-472-JLB-NPM, 2021 WL 6011104, at *7 (M.D. Fla. Nov. 15, 2021) (finding similar articulation sufficient). Here, the ALJ met this standard by stating that Plaintiff's impairments "d[id] not manifest the signs, symptoms, and findings required to meet or medically equal any of the listings," including listing 4.02 (Tr. 15). The court therefore finds that the ALJ sufficiently articulated his finding of medical equivalence at step three.

Additionally, the ALJ found that the State agency medical consultants' prior administrative medical findings were persuasive (Tr. 17–18). These doctors found that Plaintiff's chronic heart failure did not meet or medically equal listing 4.02 (Tr. 64, 66–67, 80, 83). These findings, discussed at later steps in the sequential evaluation process, "provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step [three]." *Courtney U. v. Kijakazi*, No. 2:20-CV-00670-JCB, 2021 WL 5566033, at *4 (D. Utah Nov. 29, 2021) (quoting SSR 17-2p, 2017 WL 3928306, at *4); *see also Andrew v. Saul*, No. 4:20-CV-00062-PK, 2021 WL 2582767, at *4 (D. Utah June 22, 2021) (finding that the ALJ's consideration of the State agency medical consultants' opinions supported the ALJ's step-three medical equivalence finding).

In sum, Plaintiff could medically equal listing 4.02 only if he submitted medical evidence showing that his chronic heart failure resulted in findings "at least equal in severity and duration to" both the A criteria and the B criteria of that listing. While Plaintiff points to evidence relevant to the B criteria, he has not directed the undersigned to any evidence pertinent to the A criteria, and the evidence that is required to find medical equivalence was not present in the record. Moreover, the ALJ's statement that Plaintiff's impairments did not medically equal listing 4.02 was sufficiently articulated under SSR 17-2p. The court therefore concludes that the ALJ's decision is supported by substantial evidence, and there is no reversible error with respect to the ALJ's step three findings.

## RECOMMENDATION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of her right to object. Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A failure to object may constitute waiver of objections upon subsequent review.

DATED this 16 December 2022.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah